IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                     Case No. 22-CR-170-JFH

ELGA EUGENE HARPER,

    Defendant.

## OPINION AND ORDER

Before the Court are multiple filings regarding trial evidence filed by Defendant Elga Eugene Harper ("Defendant"): an objection to Rule 404(b) evidence [Dkt. No. 45]; an objection to Rule 609 evidence [Dkt. No. 46] and a motion in limine [Dkt. No. 48]. For the reasons stated herein, Defendant's Rule 404(b) objection is SUSTAINED; his Rule 609 objection is SUSTAINED; and his motion in limine is DENIED.

## AUTHORITY AND ANALYSIS

### I.  Past behavior

The Government intends to offer evidence under Rule 404(b) of Defendant's 2016 conviction for burglary in the first degree and attempted escape from arrest or detention as well as the facts underlying those convictions. Dkt. No. 42. In the current case, Defendant allegedly entered E.F.'s home, physically and sexually assaulted her, restrained her with a cord or rope around her neck, and took her car keys—but not her car—when he left. *Id.* at 2. In the 2016 case, Defendant walked into a home carrying a rope, picked up an occupant's car keys, and left with the keys but not the car. *Id.* at 3. When officers approached him, he fled. *Id.* Defendant pled nolo contendere to both charges and stipulated to the probable cause affidavit in the case, which included the detail that he carried rope when he entered the victim's home. Dkt. No. 45-1 at 2.

Rule 404(b) provides, in pertinent part:

> Evidence of a crime, wrong or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.…
>
> This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Fed. R. Evid. 404(b).  There are four factors to assess admissibility under 404(b):  (1) whether the evidence is offered for a proper purpose, (2) its relevancy, (3) whether the probative value of the evidence is substantially outweighed by the prejudicial effect, and (4) the availability of a limiting instruction.  *Huddleston v. United States*, 485 U.S. 681, 691 (1988); *United States v. Mares*, 441 F.3d 1152, 1156 (10th Cir. 2006); *United States v. Zamora*, 222 F.3d 756, 762 (10th Cir. 2000).

The Government claims that the evidence of the 2016 case is offered for a proper purpose because it demonstrates identity via a modus operandi theory.  In the Tenth Circuit, modus operandi evidence needs to share a "signature quality" with the charged conduct to be properly submitted under 404(b).  *United States v. LaFlora*, 146 F. App'x 973, 975 (10th Cir. 2005) (collecting cases).[1]  For instance, in *United States v. Gutierrez*, both prior and charged conduct involved the defendant using his wife as his getaway driver and their children as "cover."  696 F.2d 753 (10th Cir. 1982).  In *United States v. McGuire*, eight bank robberies occurred in similar sized cites with similar vehicles and escape plans.  27 F.3d 457 (10th Cir. 1994).  In *LaFlora*, three robberies shared numerous similarities, including distinctive attire and escape routes.  146 F. App'x 973.

---

[1] Unpublished opinions are not precedential but may be cited for their persuasive value.  *See* 10th Cir. R. 32.1; Fed. R. App. P. 32.1.

The Court cannot say that the similarities between the 2016 case and the charged conduct rise to the level of a "signature quality." In the charged conduct, Defendant allegedly used a rope during an assault. In the 2016 case, Defendant carried a rope when he entered the residence but did not assault anyone or apparently use the rope in any way. It is true that taking car keys but not the car with which they're affiliated is an unusual way of conducting a burglary. However, without more, this is not so distinctive or "signature" as to provide a non-propensity justification for admission of the past conduct. The Government's sole identified purpose for the 2016 evidence is identity. The Court concludes that the evidence is not suitable or proper for the purpose. Defendant's objection is SUSTAINED and the 404(b) evidence of Defendant entering a residence in 2016, carrying a rope with him and taking car keys without their associated car, is INADMISSIBLE.

**II.   Past convictions**

If Defendant testifies, the Government desires to impeach him pursuant to Rule 609 with evidence of multiple past felony convictions:

1. Unauthorized use of a motor vehicle in Oklahoma with sentencing in September 2016

2. First degree burglary and attempted escape from arrest or detention in Oklahoma with sentencing in September 2016 and revocation in May 2022

3. Attempted flight escape in Colorado with final disposition in August 2007

4. Theft in Colorado with final disposition in May 2006

5. Forgery in Colorado with final disposition in August 2002

6. Robbery in Colorado with final disposition in January 2002

Dkt. No. 40; Dkt. No. 52. Due to their age, different standards apply to convictions ## 1-2 (the "Oklahoma convictions") and convictions ## 4-6 (the "Colorado convictions"). The Court addresses each in turn.

### A. Newer than 10 years

Generally, evidence of a criminal conviction must be admitted in a criminal case in which the witness is a defendant if the probative value of the evidence outweighs its prejudicial effect to that defendant. Fed. R. Evid. 609(a)(1)(B). A "special balancing test is used because the defendant faces a unique risk of prejudice—i.e., the danger that convictions that would be excluded under Rule 404 will be misused by a jury as propensity evidence despite their introduction solely for impeachment purposes." *United States v. Smalls*, 752 F.3d 1227, 1240 (10th Cir. 2014) (quotation and citation omitted). The Court considers five factors when applying this test: (1) the impeachment value of the defendant's prior crimes; (2) the dates of the convictions and the defendant's subsequent history; (3) the similarity between the past crime and charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the defendant's credibility at trial. *Id.*

As to the first factor, the Rules of Evidence begin from an assumption that prior felony convictions have impeachment value when a defendant takes the stand. The Court sees nothing that cuts against that conclusion. In particular, Defendant's attempted escape from arrest or detention particularly illustrates dishonesty. As to the second factor, the Oklahoma convictions occurred within the past seven years and Defendant's history shows an alleged pattern of escalation from burglary and escape without assault to the charged conduct alleging a violent assault. As to the third factor, the dissimilarity of the vehicular, burglary, and escape Oklahoma convictions from the physical and sexual assault charges does not weigh against admission—just the opposite,

rather. *See United States v. Ahaisse*, No. 20-CR-0106-CVE, 2021 WL 2290574, at *3 (N.D. Okla. June 4, 2021) ("The greater the similarity of the charged crime to the past crime, the higher the likelihood that a jury will be tempted to infer criminal propensity, rather than use the information for its intended purpose–impeachment of credibility.") The dissimilarity between the crimes causes little risk the jury would convict Defendant of the present charges based on the prior conviction. As to both the fourth and fifth factors, Defendant's testimony and credibility at trial will be important because there were no eyewitnesses to the charged conduct and the central issue at trial is the identity of the individual who attacked E.F. Defendant has consistently denied that he attacked E.F., thus, his testimony and credibility are important and central to the trial.

All the *Smalls* factors weigh toward admission. Defendant's motion in limine to exclude references to the Oklahoma convictions is DENIED.[2]

**B. Older than 10 years**

A different standard applies to older convictions. If more than ten years has passed since a witness' conviction or release from confinement, whichever is later, evidence of a conviction is only admissible if its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect. Fed. R. Evid. 609(b)(1).[3] Here, while the Colorado convictions

---

[2] Defendant also requests that, if the fact of the Oklahoma convictions is allowed, the Court should limit the evidence presented about them to "only the fact that the Defendant has prior felony convictions" as he claims "[t]he nature and number of the prior convictions unduly prejudices the Defendant and has very little, if any, probative value." Dkt. No. 48 at 3. This request runs contrary to well-established Tenth Circuit precedent that "the prior conviction, its general nature, and punishment of felony range [are] fair game for testing the defendant's credibility." *United States v. Albers*, 93 F.3d 1469, 1480 (10th Cir. 1996). Cross-examination may inquire as to the essential facts of the Oklahoma convictions, the nature of those crimes, and the punishment, but no further. *See id.*

[3] Written notice and an opportunity to contest the issue are also required by Rule 609(b) but have been satisfied in this case.

5

have some probative value, they are significantly aged and range from fifteen to twenty years old. The presumption with aged convictions is exclusion. The Government has not demonstrated that the probative value of the Colorado convictions *substantially* outweighs their prejudicial effect. Defendant's objection to Rule 609(b) evidence is SUSTAINED.

### III.   E.F.'s vocation/occupation

Finally, Defendant seeks exclusion under Rule 403 of any references to E.F.'s vocation and occupation as an Anglican nun or sister. Dkt. No. 48 at 4. Rule 403 allows the Court in its discretion to exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403. Here, Defendant claims that E.F. "is extremely sympathetic because of her status as an elderly woman who was living alone and was viciously assaulted" but that "her status as a nun is marginally relevant" and unfairly prejudicial because Defendant's "association with her was not through the church or because of her status as a nun." *Id.* He "also has concerns that her status as a nun could unfairly bolster her credibility with the jury." *Id.*

The Government responds that E.F.'s vocational and occupational status is relevant in multiple ways. Dkt. No. 52 at 10. First, it states "'Sister [F.]' and/or 'Sister [E.]' is her professional and formal title and the way E.F. introduces herself in public." *Id.* Second, E.F. has served in ministry in various countries and has cross-racial experience which would be relevant rebuttal to Defendant's theory that E.F. confused him with a different man of the same race. *Id.* Third, the Government anticipates that E.F. will "testify that part of her prior conversations with [Defendant] included religious discussions and her showing [Defendant] her oratory," which is relevant to "how well E.F. and [Defendant] knew each other." *Id.* at 12. Fourth, the Government anticipates

E.F. will testify she prayed out loud during the assault and that Defendant told her to "shut up" when she requested God's help. *Id.* at 2, 12. Fifth, a business card referring to E.F. as "Sister" as recovered in Defendant's abandoned backpack. *Id.*

The Government's five distinct explanations for relevance and probative value are compelling. The Court finds that the evidence of E.F.'s vocational and occupational status has significant probative value. To merit exclusion, then, Defendant must demonstrate that the dangers substantially outweigh this significant probative value. He has not done so. "Evidence is not unfairly prejudicial simply because it is damaging to [a party's] case." *United States v. Caraway*, 534 F.3d 1290, 1301 (10th Cir. 2008) (quotation omitted). Rather, it must have "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Id.* In other words, evidence is unfairly prejudicial if it "tends to affect adversely the jury's attitude toward the defendant *wholly apart* from its judgment as to his guilt or innocense [sic] of the crime charged." *United States v. Ford*, 613 F.3d 1263, 1268 (10th Cir. 2010) (emphasis in original) (quotation omitted). "In weighing the probative value of evidence against unfair prejudice, district courts must give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value." *Murry*, 31 F.4th at 1291 (internal quotations omitted). Here, E.F.'s title and status cannot be described to be something "wholly apart" from the facts of the case. The Court is not concerned that her vocation and occupation unduly bolster E.F.'s credibility. It is foundational to our justice system that "the credibility of witnesses and the weight to be given to their testimony are for the jury." *Gunning v. Cooley*, 281 U.S. 90, 97 (1930). Witnesses who are professed religious, such as E.F., are still human beings. They may be cross-examined on matters of credibility as any other witness may be.

7

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Rule 404(b) objection [Dkt. No. 45] is SUSTAINED; his Rule 609 objection [Dkt. No. 46] is SUSTAINED; and his motion in limine [Dkt. No. 48] is DENIED.

DATED this 25th day of January 2023.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE