IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ELGA EUGENE HARPER,

        Defendant.

Case No. 22-CR-170-JFH

## OPINION AND ORDER

In its original Order on the state investigation [Dkt. No. 63], the Court examined whether the Tulsa Police Department ("TPD") acted in good faith in pursuing, obtaining, and executing an arrest warrant for Defendant when faced with conflicting evidence as to whether Defendant may be Indian for the purposes of federal criminal jurisdiction. The Court ruled that it did. The additional evidence Defendant has presented in his motion for reconsideration does not change the Court's conclusion.

First, the Court already concluded in its previous Order that it was reasonable for TPD to require verification from a tribe before referring the case to federal authorities. The information found in Defendant's abandoned bag did not materially change this. TPD was already trying to determine and verify his tribal status by contacting tribes directly. While there were indications of *possible* tribal status, there was not *verification* of tribal status—specifically, no tribal card was present in Defendant's belongings. Apparently a breakdown in communication or information occurred somewhere in the verification process and initially led to a false negative regarding Defendant's tribal affiliation, but Defendant presents no evidence of bad faith, and the Court agrees with the Government that TPD's "lack of thoroughness does not change the fact that they followed TPD protocols in relying on information sought from the tribes directly." Dkt. No. 71 at 9.

Second, Defendant has sought suppression three separate times—first on investigative jurisdiction grounds, then on *Miranda* and voluntariness grounds, and now again on investigative jurisdiction grounds—but he has never claimed that probable cause was lacking that he committed *some* type of crime under *some* jurisdiction. As the Court recently explained, a "'crime' is a prohibited act. Though various legal consequences may result, prosecution or conviction is not required for the act to be considered criminal. Crime in its ordinary meaning is an activity, not a consequence." *United States v. Cole*, No. 22-CR-98-JFH, 2022 WL 17987066, at *4 (E.D. Okla. Dec. 29, 2022). Defendant challenges which sovereign's law enforcement had jurisdiction to investigate and impose consequences here, not whether the proper sovereign's law enforcement had probable cause.[1] The Court has received evidence today that the officers who arrested Defendant were cross deputized between state and federal jurisdictions, and Lt. Darin Ehrenrich is also cross deputized by the Muscogee (Creek) Nation Lighthorse Police. The Court is certain the same officers would have arrested Defendant under the same circumstances if they had been working pursuant to a federal, rather than state, warrant.

---

[1] "A police officer may arrest a person without a warrant if he has probable cause to believe that person committed a crime." *Romero v. Fay*, 45 F.3d 1472, 1476 (10th Cir. 1995). "Probable cause is a concept 'incapable of [a] precise definition or quantification into percentages.'" *Hinkle v. Beckham Cnty. Bd. of Cnty. Comm'rs*, 962 F.3d 1204, 1220 (10th Cir. 2020) (quoting *Maryland v. Pringle*, 540 U.S. 366, 371 (2003)). However, the Supreme Court and the Tenth Circuit have described that an officer has probable cause to make a warrantless arrest if the facts and events known to the officer at the time of the arrest would be sufficient for an objectively reasonable police officer familiar with those facts and events to believe with "substantial probability[,] as opposed to a bare suspicion," that an offense has been or is being committed. *Id.* *See also District of Columbia v. Wesby*, 138 S. Ct. 577, 586 (2018). This is "not a high bar" and requires only "the kind of fair probability on which reasonable and prudent people, not legal technicians, act." *Hinkle*, 962 F.3d at 1220 (quoting *Kaley v. United States*, 571 U.S. 320, 338 (2014)). Officers may rely on the totality of the facts available to them in establishing probable cause. *See id.* at 1221.

Where do these two factors leave the investigating officers then and the Court now? Although *McGirt* had been decided almost two years before the investigation in this case, the decision "dramatically altered the jurisdictional boundaries of the State of Oklahoma," and everyone involved in the judicial system—investigators, advocates, and the Court alike—is still finding their way through the "tremendous impact" and "hundred years [of governance that] are called into question by the *McGirt* decision." *United States v. Budder*, 601 F. Supp. 3d 1105, 1114 (E.D. Okla. 2022). The same officers were deputized by both state and federal authorities. There was a substantial probability, not just a bare suspicion, that Defendant had committed multiple violent offenses against a particularly vulnerable victim. Investigators were diligently seeking, but had not yet obtained, information on which sovereign had jurisdiction to prosecute Defendant. What were the officers to do?

Defendant's challenge suggests two potential avenues, but neither is workable in the Court's view. In the first, investigators would have needed to suspend investigating a violent crime until they obtained verification of Defendant's tribal affiliation—a process that is not particularly sophisticated or efficient as portrayed by the Government's evidence. This would hamstring the compelling public safety function of law enforcement. In the second, investigators would have needed a belt-and-suspenders approach of seeking warrants from *both* state and federal authorities. This would overburden an already strained system and generate duplicative work.

As the Court noted in its previous Order, the exclusionary rule is meant to deter police misconduct. For the second time, the Court finds no misconduct needing deterrence here. The officers acted reasonably in acting on the information they had at the time in accordance with TPD procedure.

Finally, the Court notes that suppression of the fruits of Defendant's arrest is also unwarranted because an arrest warrant turned out not strictly necessary under the facts of this case. "[I]f probable cause exists, no warrant is required to apprehend a suspected felon in a public place." *Steagald v. United States*, 451 U.S. 204, 221 (1981).  Defendant was walking along a road when he was arrested—indisputably a public place.  The officers could not have anticipated this at the time of obtaining the arrest warrant, hence the Court's preceding analysis and conclusion. Nevertheless, this fact further supports the Court's reiteration of its previous ruling that suppression is not appropriate here.

Accordingly, Defendant's motion to reconsider [Dkt. No. 69] is DENIED.

DATED this 3rd day of February 2023.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE